# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DARRYL MORGAN,

       Plaintiffs,                              Case No. 23-      -CD
                                                              Hon.

-vs-

ENVIRONMENTAL WOOD
SOLUTIONS II, LLC,

       Defendant.

---

ZACHARY T. RUNYAN (P83671)
RUNYAN LAW GROUP
Attorneys for Plaintiff
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248) 341-0794
Zrunyan@runyanlawgroup.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFFS' COMPLAINT

    NOW COME Plaintiff, **Darryl Morgan**, by and through his attorneys, **RUNYAN LAW GROUP**, and for his Complaint against the above-named Defendant state as follows:

1

## JURISDICTION AND VENUE

1. Jurisdiction is proper because the amount in controversy exceeds this Court's jurisdictional minimum, not including costs, interests, and attorney fees.

2. Venue is proper because Defendant Environmental Wood Solutions II, LLC has a place of business in Wayne County, Michigan and many of the relevant transactions and occurrences occurred in Wayne County Michigan.

## PARTIES

3. Plaintiff Darryl Morgan, an African American male, is a resident of the County of Macomb, State of Michigan, and at all relevant times, was employed by Defendant Environmental Wood Solutions II, LLC.

4. Defendant Environmental Wood Solutions II, LLC, (hereinafter "Defendant" or "EWS") is a Domestic Limited Liability Company that has a place of business in the County of Wayne, State of Michigan.

## FACTS

5. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

6. In or around April of 2022, Plaintiff was hired by Defendant as a truck driver.

7. Since being hired by Defendant, Plaintiff has been stationed at Defendant's Detroit location.

8. Throughout his employment with Defendant, Plaintiff has been subjected to discriminatory treatment based on his race.

2

9. For example, Plaintiff is provided substantially lower quality trucks to drive than similarly situated white employees.

10. The lower quality trucks consistently result in Plaintiff's trucks having mechanical issues, which reduces the amount of truck loads Plaintiff can transport, resulting in reduced pay.

11. Plaintiff's hourly pay is also substantially less than similarly situated white employees with less experience than Plaintiff.

12. Additionally, Plaintiff has been subjected to pervasive racial harassment from his white coworkers.

13. Said racial harassment includes, but is not limited to:

   a. Frequent and open use of the word N*gger by white employees

   b. White employees frequently refer to black employees as "Forest Monkeys".

   c. Defendant's mechanics refer to sub-par repairs as "N*gger-rigged".

   d. One of Defendant's owners, Joseph Corrigan, stated that he hated all of the "N*gger drivers" in Detroit.

   e. One of Defendant's employees, Ricky Glass, a white male, put a note on the communal microwave that said "N*ggers will be N*ggers".

14. Eventually, Plaintiff complained to his supervisors about the constant and openly racist behavior.

15. Specifically, Plaintiff complained about, among other things, his white coworker, Ricky Glass, openly referring to black employees as N*ggers.

16. Despite Plaintiff's complaints, Defendant initially took no action to stop or prevent Ricky Glass from racially harassing Plaintiff and other black employees.

3

17. Due to Defendant's inaction for several weeks, Plaintiff escalated the situation to Defendant's Human Resources.

18. After being pressured by several black employees, including Plaintiff, Defendant finally terminated Ricky Glass.

19. After complaining about racial harassment, Defendant began retaliating against Plaintiff in ways including, but not limited to:

    a. Pressuring Plaintiff not to take lunch breaks

    b. Reducing Plaintiff's work hours

    c. Failing to provide Plaintiff his annual raise

20. Additionally, despite terminating Ricky Glass, Defendant has done nothing to stop and/or prevent continued racial harassment of black employees.

21. Due to the abovementioned conduct, Plaintiff filed an EEOC charge.

22. Plaintiff received his right to sue letter on April 11, 2023.

23. On or about April 13, 2023, Plaintiff's Counsel sent a letter to Defendant indicating that Plaintiff had retained an attorney and would be pursuing legal action for Civil Rights violations committed by Defendant and Defendant's employees.

24. On or about April 20, 2023, Plaintiff was forced into a meeting with several of Defendant's managers and one of its owners, Michael Corrigan.

25. During the meeting, Plaintiff was questioned about his potential legal action and pressured to stop communicating with his attorney.

26. Near the end of the meeting, Mr. Corrigan threatened that things would "not end well" for Plaintiff if Plaintiff pursued legal action.

27. Since the abovementioned April 20, 2023, meeting, Defendant's maintenance coordinator has been referring to Plaintiff as the 'ring leader' of the black employees that have complained about Defendant's racially hostile environment.

28. Defendant's employees have admitted to Plaintiff and Plaintiff's coworkers that Defendant is targeting Plaintiff due to the belief that he is the 'ring leader' of black employees that have complained about Defendant's racially hostile environment.

29. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages, including but not limited to the following:

   a. Stress;
   b. Humiliation;
   c. Embarrassment;
   d. Outrage;
   e. Mental anguish;
   f. Fear and mortification;
   g. Emotional Damages;
   h. Economic damages;
   i. Non-economic Damages;
   j. Attorney fees and costs;
   k. Other damages to be discovered through the course of litigation

5

## COUNT I: VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT
### *(Disparate Treatment)*

30. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

31. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

32. Defendant is vicariously liable for the violation of Plaintiff's Rights under the Michigan Elliott-Larsen Civil Rights Act by its employees and agents under the doctrine of *respondeat superior.*

33. Plaintiff's race and/or color was a factor that made a difference in Defendant's treatment of Plaintiff.

34. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of race and/or color and acted in accordance with that predisposition.

35. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated employees in the terms and conditions of employment, based on the unlawful considerations race and/or color.

36. Defendant's actions were willful, intentional, and/or made in reckless disregard of Plaintiff's rights and sensibilities.

37. As a result of said disregard of Plaintiff's rights and sensibilities, Plaintiff was paid significantly less than his white counterparts, offered less hours than their white counterparts, and constantly subjected to racial harassment.

38. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court or jury find to be fair and just, including attorney fees, costs, and exemplary damages.

## COUNT II- VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
*(Hostile Work Environment)*

39. Plaintiff re-alleges and incorporates, by reference, the forgoing paragraphs as if fully set forth herein.

40. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

41. Defendant is vicariously liable for the violation of Plaintiff's Rights under the Michigan Elliott-Larsen Civil Rights Act by its employees and agents under the doctrine of *respondeat superior*.

42. Plaintiff was subjected to unwelcomed conduct due to his race, and/or color.

43. The unwelcomed conduct complained of was based on Plaintiff's race and/or color.

7

44. The unwelcomed conduct affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

45. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court or jury find to be fair and just, including attorney fees, costs, and exemplary damages.

### COUNT III
### VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
*Retaliation*

46. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47. Defendant retaliated against Plaintiff for engaging in protected activities including but not limited to filing complaints of racial harassment and racial discrimination.

48. Plaintiff was subjected to adverse employment actions, including, but not limited to, reduced work hours, continued racial harassment, threats by Defendant's owner, and pressure from managers to not engage in protected activities.

49. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

50. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages and injuries.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court or jury find to be fair and just, including attorney fees, costs, and exemplary damages.

### COUNT IV- TITLE VII- DISCRIMINATION ON THE BASIS OF RACE

51. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. Plaintiff is a member of a protected class on the basis of race.

53. Plaintiff, in all respects, was performing his job in a manner that was consistent with Defendant's legitimate business expectations.

54. Defendant discriminated against Plaintiff, as described above, in ways including, but not limited to, providing Plaintiff was lower quality trucks, reducing Plaintiff's hours, paying Plaintiff a lower wage, and not providing Plaintiff his annual wage increase.

55. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's Rights under Title VII.

56. As a direct and proximate cause of said unlawful employment practices, and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered injuries and damages.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court or jury find to be fair and just, including attorney fees, costs, and exemplary damages.

## COUNT V- TITLE VII- RETALIATION

57. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. Defendant retaliated against Plaintiff for engaging in protected activities including but not limited to filing complaints of racial harassment and racial discrimination.

59. Plaintiff was subjected to adverse employment actions, including, but not limited to, reduced work hours, continued racial harassment, threats by Defendant's owner, and pressure from managers to not engage in protected activities.

60. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

61. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's Rights under Title VII.

62. As a direct and proximate cause of said unlawful employment practices, and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered injuries and damages.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court or jury find to be fair and just, including attorney fees, costs, and exemplary damages.

## COUNT VI- TITLE VII- HOSTILE WORK ENVIRONMENT

63. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

64. Plaintiff was subjected to unwelcomed conduct due to his race, and/or color.

10

65. The unwelcomed conduct complained of was based on Plaintiff's race and/or color.

66. The unwelcomed conduct affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

67. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court or jury find to be fair and just, including attorney fees, costs, and exemplary damages.

Respectfully submitted,

*/s/ Zachary T. Runyan*
Zachary T. Runyan (P83671)
**RUNYAN LAW GROUP**
31211 Jefferson Ave
Saint Clair Shores, MI 48082
Phone: (248) 341-0794
Email: zrunyan@runyanlawgroup.com

Dated: May 23, 2023

11